HD

Rcv'd by: _____

USDC- GREENBELT
'24 AUG 12 PM3:04

## IN THE UNITED STATES DISTRICT COURT OF MARYLAND

Jorge Ramirez
18201 Pinecroft Court
Gaithersburg Maryland 20877

    Plaintiff,

vs.                                  Case No. AAQ 24CV2335

LVNV Funding
Serve: CSC-Lawyers Incorporating Service Company
7 St. Paul Street, Suite 820
Baltimore, MD 21202

EQUIFAX INFORMATION SERVICES, LLC
Serve: CSC-Lawyers Incorporating Service Company
7 St. Paul Street, Suite 820 Baltimore, MD 21202

TRANS UNION, LLC-
Serve: CSC-Lawyers Incorporating Service Company
7 St. Paul Street, Suite 820
Baltimore, MD 21202
    Defendants.

## COMPLAINT AND JURY DEMAND

The Plaintiff, Jorge Ramirez sues the Defendants and in support of his suit he alleges:

### PRELIMINARY STATEMENT

1. The Defendants have defamed the Plaintiff and violated the state and federal consumer protection laws, including the Fair Debt Collection Practices Act ("FDCPA"), Maryland Consumer Debt Collection Act ("MCDCA"), Maryland Consumer Protection Act ("MCPA"), and Fair Credit Reporting Act ("FCRA").

### PARTIES TO ACTION

2. Plaintiff is a natural person residing in the state of Maryland.
3. LVNV Funding is a debt collector.

4. Trans Union, LLC ("TransUnion") is a credit reporting agency ("CRA").

5. Equifax Information Services, LLC ("Equifax") is a CRA.

## FACTUAL ALLEGATIONS

6. LVNV Funding is reporting to Equifax and Trans Union that the Plaintiff had an unpaid debt and that 12 Citi Bank NA sold the debt to LVNV Funding. Plaintiff has never had any account with LVNV Funding and he has never been indebted to LVNV Funding. Plaintiff apprised LVNF Funding that he did not open an account with LVNV Funding. Although LVNV Funding admitted that it had no documentation, including an application or other account-level documentation to verify the Plaintiff opened an account, LVNV Funding informed Plaintiff that it would still consider the debt to be his. Plaintiff disputed the debt with Equifax and Trans Union, but Equifax and Trans Union did not investigate the dispute. Instead, Equifax and Trans Union merely forwarded the dispute to LVNV Funding, which confirmed its accurate reporting of the account.

7. LVNV FUNDING is reporting to two CRAS that it purchased the 12 Citi Bank NA debt, and that the Plaintiff now owes LVNV FUNDING.

8. LVNV FUNDING is reporting to Equifax and Trans Union that Plaintiff opened a credit card account and has an outstanding balance.

9. LVNV FUNDING is reporting to Equifax and Trans Union that the Plaintiff opened a credit card account with 12 Citibank NA that has since been charged off.

10. 12 CITIBANK NA informed the Plaintiff that it sold the debt to another company and that it had no information or documentation in its possession.

11. Equifax and Trans Union are reporting a LVNV Funding tradeline with the disputed the debt but they did not investigate the dispute. Instead, they merely forwarded the dispute to LVNV Funding and parroted LVNV Funding's response.

## COUNT ONE: VIOLATIONS OF FDCPA

12. Plaintiff incorporates the previous allegations above as if set forth herein in full.

13. LVNV FUNDING violated 15 U.S.C. §§ 1692e and 1692f by attempting to collect on a debt by a method (credit reporting) that they had no right to collect on.

14. LVNV FUNDING violated 15 U.S.C. § 1692e by communicating information about the debt to the CRAS that LVNV FUNDING knew or should have known was false.

15. As a result of LVNV FUNDING's foregoing violations, Plaintiff suffered actual damages including but not limited to pecuniary costs and/or expenses, damage to credit and financial profile or reputation, humiliation and other emotional distress.

16. LVNV FUNDING's conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

COUNT TWO: VIOLATIONS OF MCDCA

17. Plaintiff incorporates paragraphs 1 - 20.

18. LVNV FUNDING violated Md. Code Ann., Com Law § 14-202(11) by violating the FDCPA as described in paragraphs 17 and 18.

19. LVNV FUNDING violated Md. Code Ann., Com Law § 14-202(8) by claiming that it could collect payment from Plaintiff for a debt that LVNV purportedly purchased from LVNV Funding when LVNV FUNDING knew, or should have known, that Plaintiff did not owe.

20. LVNV Funding violated Md. Code Ann., Com Law § 14-202(8) by claiming Plaintiff was liable on the credit card account when LVNV Funding knew, or should have known, that Plaintiff did not open the account.

21. LVNV FUNDING violated Md. Code Ann., Com Law § 14-202(8) by claiming Plaintiff was liable on the credit card account when LVNV FUNDING knew, or should have known, that Plaintiff did not open the account.

22. As a result of Defendants foregoing conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses, loss of credit, humiliation and other emotional distress.

23. Defendants conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages pursuant to Com Law § 14-203.

## COUNT THREE: VIOLATION(S) OF MCPA

24. Plaintiff incorporates paragraphs 21 - 28.

25. Defendants violated the MCPA, Md. Code Ann., Com Law § 13-301(14)(iii) by violating the MCDCA as described in paragraphs 22 – 26.

26. As a result of Defendants foregoing conduct, Plaintiff suffered actual damages consisting of both pecuniary expenses, loss of credit, humiliation, and other emotional distress.

27. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages and attorney's fee pursuant to Com Law §§ 13-408(a)-(b).

## COUNT FOUR: VIOLATION(S) OF 15 U.S.C. § 1681e(b)

28. Plaintiff incorporates paragraphs 1 through 15.

29. The CRAS violated 15 U.S.C. § 1681e(b) by failing to utilize reasonable procedures to furnish Plaintiff's credit reports with maximum accurate information.

30. Due to violation(s) of the CRAS, the Plaintiff suffered actual damages, including but not limited to: pecuniary expenses, loss of credit opportunity, damages to reputation, frustration, embarrassment, humiliation and other emotional distress.

31. The violations by the CRAS were willful, rendering them liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

32. In the alternative, the CRAS were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT FIVE: VIOLATION OF 15 U.S.C. § 1681i(a)

33. Plaintiff incorporates paragraphs 32 through 36.

34. The CRAS violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable investigation of Plaintiff's disputes.

35. The violations by the CRAS were willful, rendering the CRAS liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

36. In the alternative, the CRAS were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 o.

### COUNT SIX: VIOLATION OF 15 U.S.C. § 1681s-2(b)
### (as to LVNV FUNDING, Equifax and Trans Union)

37. Plaintiff incorporates paragraphs 1 through 38.

38. Defendants received notice of Plaintiff's dispute but did not conduct a thorough, detailed, and careful inquiry of the claims raised in Plaintiff's dispute. Instead of conducting a reasonable investigation, the Defendants simply confirmed that the *disputed* information was being reported consistently to the CRAS and made absolutely *no* inquiry into the accurateness of the information being reported.

39. The Defendants did not review Plaintiff's dispute letter--which was attached to the notice of disputes forwarded by the CRAS--and as a result they remained willfully ignorant of the true nature of Plaintiff's dispute.

40. Defendants' foregoing conduct violated 15 U.S.C. § 1681s-2(b)(1) for their conduct constitutes a failure to fully and properly investigate Plaintiff's disputes and failure to review- much less consider all relevant information provided by the CRAS.

41. Defendants' procedure to simply data match information that it previously reported, or data match the information that it has in its computer file with the information currently be reported to the CRA, instead of conducting a careful inquiry into the substance and merits of a consumers' dispute, is policy employed in deliberate violation of Defendants' obligation under the FCRA to conduct reasonable investigation of credit disputes.

42. As a result of Defendants' violations of 15 U.S.C. § 1681s-2(b)(1), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to credit profile and reputation, embarrassment, humiliation and other mental and emotional distress.

43. The violations by Defendants were willful, rendering them liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681 o.

44. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT SEVEN: DEFAMATION
### (as to LVNV FUNDING)

45. Plaintiff incorporates paragraphs 41 through 48.

46. Defendants report information on the Plaintiff each and every month to the CRAs.

47. The Defendants knew the CRAs would furnish credit reports containing their inaccurate information to third parties.

48. Defendants' reporting constituted defamatory statements as the reporting's were injurious to Plaintiff's financial profile.

49. Defendants knew that their false reporting would cause Plaintiff to be denied credit or hamper and obstruct Plaintiff's ability to obtain credit.

50. Defendants' false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: pecuniary costs, damage to his financial reputation, loss of credit opportunity and emotional and mental distress.

51. Plaintiff seeks $100,000 for being defamed by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

A. That the Court award actual damages Counts I thru VII;
B. That the Court award maximum statutory damages for FDCPA and FCRA;
C. That the Court award maximum punitive damages for FCRA and defamation;
D. That the Court award costs and any reasonable attorneys' fees; and
E. That the Court award prejudgment and post-judgment interest.

Respectfully submitted,

_____
Jorge Ramirez
18201 Pinecroft Court
Gaithersburg Maryland 20877