## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JORGE RAMIREZ, *Plaintiff*, v. LVNV FUNDING, *et al.*, *Defendants* | Case No. 24-cv-2335-ABA |

## MEMORANDUM OPINION

Plaintiff Jorge Ramirez ("Plaintiff" or "Mr. Ramirez") sued Defendants LVNV Funding ("LVNV"), Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union") (collectively, "Defendants") for various alleged violations of the federal and state consumer protection laws, and LVNV for defamation. The Defendants filed motions to dismiss the complaint. ECF No. 19 (Trans Union and Equifax's motion); ECF No. 21 (LVNV's motion). Mr. Ramirez filed a motion for leave to amend his complaint. ECF No. 28. For the reasons that follow, the Court will deny the motion for leave to amend and grant the motions to dismiss the complaint as to all counts.

**I.    BACKGROUND[1]**

    **A.    Facts**

This case revolves around a debt that LVNV apparently seeks to recover from

---

[1] In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all of the factual allegations contained in the complaint[.]" *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). Because changes between the original complaint and the proposed amended complaint are relevant to the motion for leave to amend, the Court will cite to both documents where the documents are consistent and note where factual allegations differ.

1

Plaintiff. ECF No. 28-2 ¶ 10; ECF No. 1 ¶ 6.[2] Plaintiff once allegedly owed a debt to 12 Citibank NA ("Citibank").[3] ECF No. 28-2 ¶ 11; ECF No. 1 ¶¶ 9, 10. Citibank informed Plaintiff that it had sold the debt to another company. ECF No. 28-2 ¶ 14; ECF No. 1 ¶ 10.

LVNV, a company that Plaintiff alleges is a debt collector, reported to Equifax and Trans Union that it purchased Plaintiff's alleged debt for a credit card account with Citibank and that Plaintiff now owes that debt to LVNV. ECF No. 28-2 ¶¶ 3, 6, 12; ECF No. 1 ¶¶ 3, 11. LVNV communicated to Plaintiff that the debt was related to consumer transactions. ECF No. 28-2 ¶ 12 (alleged in proposed amended complaint only). Plaintiff maintains that he has never had any account with LVNV, or been indebted to LVNV. ECF No. 28-2 ¶¶ 7, 8; ECF No. 1 ¶ 6. Plaintiff contends LVNV Funding has never provided him with "any documents or proof" that it has a right to collect the alleged debt. ECF No. 28-2 ¶ 18 (alleged in proposed amended complaint only). Plaintiff also notes that Citibank informed him that it "had no information or documentation" regarding the alleged debt. ECF No. 28-2 ¶ 14; ECF No. 1 ¶ 10.

Plaintiff submitted disputes to Equifax and TransUnion stating that LVNV's reporting of the alleged debt is inaccurate. ECF No. 28-2 ¶ 21; *see also* ECF No. 1 ¶ 6 (stating only that "Plaintiff disputed the debt with Equifax and Trans Union"). For example, Plaintiff alleges that LVNV is reporting an inaccurate "date opened" for the

---

[2] Citations to page numbers refer to the number appearing in the CM/ECF header for this and the other filings referenced herein, which may not align with a document's original page numbering.

[3] Plaintiff refers to the debt throughout his complaint as the "Alleged Debt." *See, e.g.*, ECF No. 28-2, ¶¶ 6, 10, 11. For brevity, the Court will refer to the "the debt," but notes that Plaintiff does not concede that he owes this debt.

debt. ECF No. 28-2 ¶ 20 (alleged in proposed amended complaint only). Plaintiff alleges that Equifax and Trans Union did not investigate the disputes and "continued to report the [LVNV] tradeline with the disputed debt." ECF No. 28-2 ¶¶ 23, 24; *see also* ECF No. 1 ¶ 11. Plaintiff pleads in the alternative that the credit reporting agencies did not conduct a reasonable investigation into his disputes. ECF No. 28-2 ¶ 24 (alleged in proposed amended complaint only).

### B. Procedural history

Plaintiff filed his original complaint pro se, alleging seven claims, including violations of state and federal consumer protection statutes and one count of defamation against LVNV. *See* ECF No. 1. Each defendant filed a motion to dismiss the complaint. ECF No. 19 (Trans Union and Equifax joint motion); ECF No. 21 (LVNV motion).

Soon after, Mr. Ramirez filed a motion for leave to file an amended complaint, ECF No. 28, noting that the original complaint had been filed *pro se*, but that he had since retained counsel. *Id.* ¶¶ 1, 10. Defendants filed briefs opposing the motion. ECF No. 29 (Trans Union and Equifax joint opposition brief), ECF No. 30 (LVNV opposition brief). Defendants argue that allowing Plaintiff to amend the complaint would be futile because the amended complaint fails to cure the deficiencies of the initial complaint. ECF No. 29 at 1; ECF No. 30 at 1. Mr. Ramirez did not file a reply brief.

## II. STANDARD OF REVIEW

By and large, the federal rules "strongly favor granting leave to amend." *Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W. Va.*, 985 F.2d 164, 167-68 (4th Cir. 1993). Under some circumstances, however, it is improper to permit a party to amend their complaint. Such circumstances include "undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice" or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of a complaint may be futile where, even after amendment, the complaint would nonetheless fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see Openshaw v. Cohen, Klingenstein & Marks, Inc.*, 320 F. Supp. 2d 357, 359 (D. Md. 2004) (holding that "[f]utility is governed by the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss.") (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)). Therefore, in ruling on a motion for leave to amend where the opposing party argues futility, the Court considers whether the proposed amended complaint states a claim on which relief can be granted.

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted above, in determining whether a complaint "state[s] a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), the Court must "accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212. But "labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement" are insufficient to meet the Rule 8 pleading standard. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019).

## III. DISCUSSION

Here, the Court considers both Plaintiff's motion for leave to amend his complaint and Defendants' motions to dismiss. If the causes of action in the proposed amended complaint could not survive a motion to dismiss, then amendment of those counts is futile. As explained below, neither version of Plaintiff's complaint states a

claim on which relief can be granted for any count. Therefore, the Court denies the motion for leave to amend based on futility and grants Defendants' motions to dismiss under Rule 12(b)(6) for all counts.

### A.     Count 1 – The Fair Debt Collection Practices Act

Plaintiff alleges that LVNV violated two provisions of the federal Fair Debt Collection Practices Act (FDCPA): 15 U.S.C. § 1692e and 15 U.S.C. § 1692f. He specifically contends that LVNV's reporting of the debt to Trans Union and Equifax (sometimes referred to collectively herein as the "Reporting Agency Defendants") was an "attempt[] to collect on a debt" that LVNV had no right to collect on. ECF No. 28-2 ¶ 26 (citing 15 U.S.C. §§ 1692e and 1692f). He also argues that LVNV communicated information about the debt that it "knew or should have known was false" and failed to communicate to the credit reporting agencies that Plaintiff disputed the debt. *Id*. ¶¶ 27, 28. LVNV argues that both versions of the complaint fail to plead certain necessary facts including, for instance, that LVNV is a debt collector as defined by the FDCPA and that the debt is "consumer" debt. ECF No. 30 at 6-7; ECF No. 21-1 at 3-4.

The FDCPA "regulates interactions between consumers and debt collectors by imposing affirmative statutory obligations upon debt collectors and proscribing certain abusive conduct." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 388-89 (4th Cir. 2014). Plaintiff alleges that LVNV violated § 1692e, which prohibits debt collectors from making "false, deceptive, or misleading representation[s]" in connection with the collection of a debt. 15 U.S.C. § 1692e. One example of conduct prohibited by § 1692e is the communication of or threat to communicate "credit information which is false or which should be known to be false, including the failure to communicate that a disputed debt is disputed." *Id*. § 1692e(8). Plaintiff also alleges that LVNV violated § 1692f, which

5

prohibits debt collectors from using "unfair or unconscionable means" to collect or attempt to collect a debt. *Id.* § 1692f.

### i.     Section 1692e

To make out a claim for a violation of § 1692e, a plaintiff must allege "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Best v. Fed. Nat'l Mortg. Ass'n*, 450 F. Supp. 3d 606, 623 (D. Md. 2020) (quoting *Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F. Supp. 2d 577, 585 (D. Md. 2013) (alteration in original)).

Here, Plaintiff alleges that LVNV has engaged in a prohibited act, namely "[c]ommunicating or threatening to communicate . . . credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8); *see also* ECF No. 28-2 ¶¶ 26-28 (alleging LVNV's violation of § 1692e(8)). There are two relevant alleged representations here: (1) LVNV's report to the credit bureaus that Plaintiff owed it a debt, ECF No. 28-2 ¶¶ 11, 26, and (2) LVNV's alleged failure to communicate to the credit bureaus that Plaintiff disputed the debt, *id.* ¶ 28.

Regarding LVNV's representation to the Reporting Agency Defendants, Plaintiff fails to allege that when LVNV communicated information about the debt, it did so with knowledge that the information was false (or that LVNV should have known the information was false). *Compare Russell*, 763 F.3d at 395 (debt collector knew or should have known that its collection letter threatening to report a past due debt was false because it had in its files "oral reports that [plaintiff] paid the debt and that the check had cleared the bank") *with Alston v. United Collections Bureau, Inc.*, Case No. 13-cv-

6

0913-DKC, 2014 WL 859013 at *4 (Mar. 4, 2014) (dismissing § 1692e(8) claim because plaintiff merely made a "blanket assertion" with no factual support that debt collector reported the account knowing the account was paid). It is clear that *Plaintiff* is unconvinced that LVNV's right to collect upon the disputed debt is valid. *See, e.g.*, ECF No. 28-2 ¶ 18 ("[LVNV] never provided any proof to Plaintiff that it owns the Alleged Debt" and, without proof that LVNV has the legal right to collect on the debt, "Plaintiff had no obligation to pay any amount to LVNV"). But Plaintiff's *belief* that the debt is invalid is not the same as factual support for the allegation that LVNV knew or should have known that the debt *is* invalid.

Regarding the second allegedly misleading representation—that LVNV failed to communicate to the credit bureaus that Plaintiff disputed the debt—Plaintiff has failed to allege sufficient facts that he disputed the debt with LVNV such that the requirement to report the dispute would be triggered. "[T]he term 'disputed debts' is a term of art under the FDCPA that applies when a 'consumer notifies the debt collector in writing within the thirty-day period described in [§ 1692g(a)] that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor." *Lupo v. JP Morgan Chase Bank*, Case No. 14-cv-0475-DKC, 2016 WL 3459855 (quoting 15 U.S.C. § 1692g(b)) (second alteration in original).

Here, Plaintiff has not alleged that he disputed the debts with LVNV consistent with the requirements of § 1692g. In general, courts have not treated a debt collector's failure to report a consumer's dissatisfaction or disagreement with a debt as a false or misleading representation when the consumer has not followed the dispute procedure from § 1692g. *See Oyathelemi v. L.J. Ross Assocs.*, 20-cv-3424-DKC, 2022 WL 4368156 (D. Md. Sept. 21, 2022) ("the duty to report a dispute, however, only triggers upon a

7

dispute in response to a 1692g(a) notice"); *see also, e.g.*, *Lupo*, 2016 WL 3459855 (granting summary judgment against plaintiff for an alleged violation of § 1692e(8) based on debt collector's failure to report his debt as disputed in part because plaintiff had not followed proper procedures under the FDCPA to dispute the debt with the collector). Plaintiff has not alleged any facts to establish, for example, that he notified LVNV in writing that he disputed the debt. *See* 15 U.S.C. § 1692g(b) (requiring a consumer seeking to dispute a debt to "notif[y] the debt collector in writing within the thirty-day period" following the debt collector's notice of the debt to the consumer). Because Plaintiff has not alleged that he took the required steps to dispute the debt, he has not alleged sufficient facts to show that LVNV's failure to inform Equifax and Trans Union of his dispute over the debt was a false or misleading representation in violation of § 1692e.

### ii. Section 1692f

Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "[S]everal courts have held that § 1692f's prohibitive reach extends only to misconduct that is separate and distinct from other FDCPA violations." *Archie v. Nagle & Zaller, P.C.*, 790 F. App'x 502, 503 n.1 (4th Cir. 2019) (citing multiple cases); *see also, e.g.*, *Lembach v. Bierman*, 528 F. App'x 297, 303 (4th Cir. 2013) (affirming district court's dismissal of § 1692f claims because "there were no allegations of any unfair or unconscionable conduct distinct from the § 1692e allegations"). In this case, neither the original complaint nor the proposed amended complaint contains allegations of unfair conduct distinct from the § 1692e allegations. In fact, Plaintiff describes the same conduct as violating both § 1692e and § 1692f. *See* ECF No. 28-2 ¶ 26 ("[LVNV] violated 15 U.S.C. §§ 1692e and 1692f by

attempting to collect on a debt that it had no right to collect on by reporting the Alleged Debts on Plaintiff's credit report."). Therefore, Plaintiff has not stated a claim on which relief can be granted, and thus the Court will deny Plaintiff's motion for leave to amend and grant LVNV's motion to dismiss this count.

### B.   Count 2 – Maryland Consumer Debt Collection Act

Plaintiff also contends that LVNV's actions violate the Maryland Consumer Debt Collection Act (MCDCA). *See* Md. Code Ann. Com. Law §§ 14–201 through 14–204. Plaintiff alleges two specific violations—first, that LVNV as a debt collector "claim[ed], attempt[ed], or threaten[ed] to enforce a right with knowledge that the right does not exist," *id*. § 14-202(8), and second, that LVNV violated certain provisions of the FDCPA. ECF No. 28-2 ¶ 33, 34; *see also* Com. Law § 14-202(11) (a debt collector may not "[e]ngage in any conduct that violates §§ 804 through 812 of the federal [FDCPA]"). LVNV responds that these claims are deficient because they are primarily supported by conclusory statements and they draw no connection between Plaintiff's alleged damages and LVNV's alleged actions. ECF No. 30 at 7-8.

To state a claim under the MCDCA, a plaintiff must adequately plead that the defendant "did not possess the right to collect the amount of debt sought" and that the defendant "attempted to collect the debt knowing that they lacked the right to do so." *Barr v. Flagstar Bank*, 303 F. Supp. 3d 400, 420 (D. Md. 2018) (quoting *Lewis v. McCabe, Weisberg & Conway, LLC*, Case No. 13-cv-1561-DKC, 2014 WL 3845833 at *6 (D. Md. Aug. 4, 2024)). "The key to prevailing on a claim [under the] MCDCA is to demonstrate that the defendant 'acted with knowledge as to the *invalidity* of the debt.'" *Pruitt v. Alba Law Grp.*, Case No. 15-cv-0458-DKC, 2015 WL 5032014 at *3 (D. Md. Aug. 24, 2015) (quoting *Pugh v. Corelogic Credco, LLC*, Case No. 13-cv-1602-DKC, 2013

9

WL 5655705 at *4 (D. Md. Oct. 16, 2013)). To establish that a defendant acted with knowledge within the meaning of § 14-202(8), a plaintiff must show either "actual knowledge" that the claims were invalid or a "reckless disregard" as to the claims' validity. *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 128 (4th Cir. 2014) (citation omitted). Importantly, "[t]he MCDCA, and in particular § 14–202, is meant to proscribe certain *methods* of debt collection and is not a mechanism for attacking the validity of the debt itself." *Fontell v. Hassett*, 870 F. Supp. 2d 395, 405 (D. Md. 2012).

Here, Plaintiff has not adequately pled that LVNV sought to collect a debt knowing that it had no right to do so or with reckless disregard to the claim's validity. Plaintiff has offered only a "[t]hreadbare recital" that "[LVNV] . . . does not have the right to collect the Alleged Debt on behalf of Citibank." ECF No. 28-2 ¶ 17; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to survive a motion to dismiss). He has also stated that LVNV "knew, or should have known, that Plaintiff was not obligated to pay Citibank," ECF No. 28-2 ¶ 34, and "knew, or should have known, that Plaintiff was not liable to LVNV Funding for the Alleged Debt." *Id.* ¶ 35. But, again, these statements are conclusory. *See Iqbal*, 556 U.S. at 678; *see also Ellis v. Palisades Acquisition XVI, LLC*, Case No. 18-cv-3931-JKB, 2019 WL 3387779 at *7 (D. Md. 2019) (for an MCDCA claim, plaintiff's allegation that "'Defendants knew, or should have known'" that the debt was invalid was "conclusory" and insufficient to establish knowledge at the pleadings stage) (quoting plaintiff's amended complaint).

The complaints suggest that Plaintiff is personally unpersuaded that the debt is valid. *See, e.g.*, ECF No. 28-2 ¶ 15 ("[LVNV] has never provided any documents or proof that it purchased the Alleged Debt from Citibank"), ¶ 16 ("[LVNV] has never provided

10

any documents or proof that it obtained the right from Citibank to collect the Alleged Debt from Plaintiff"). But the MCDCA "is not a mechanism for attacking" the validity of a debt. *See Fontell*, 870 F. Supp. at 405. These allegations, even when drawing all reasonable inferences in Plaintiff's favor, *see Scott v. Harris*, 550 U.S., 372, 378 (2007), do not sufficiently allege that when LVNV sought to collect a debt from Plaintiff, it did so knowing it had no right to do so (or with reckless disregard to the debt's validity).

As to the provision that a violation of certain provisions of the FDCPA violates the MCDCA, *see* Md. Code Ann., Com. Law § 14-202(11), because Plaintiff has not sufficiently alleged a violation of the FDCPA, *see* section III.B, *supra*, he has likewise failed to allege a violation of that provision of the MCDCA.

### C.    Count 3 – Maryland Consumer Protection Act

Plaintiff also alleges that LVNV's actions violated the Maryland Consumer Protection Act (MCPA). ECF No. 28-2 ¶¶ 38-41; *see also* Md. Code Ann., Com. Law §§ 13-101 through 13-501 (MCPA). Specifically, Plaintiff argues that LVNV's alleged violation of the MCDCA constitutes a violation of the MCPA. *See* Md. Code Ann., Com. Law § 13-301(14)(iii) ("Unfair, abusive, or deceptive trade practices include any . . . [v]iolation of a provision of . . . the Maryland Consumer Debt Collection Act."). LVNV maintains that if the MCDCA claim is insufficient, the MCPA claim likewise cannot proceed. *See* ECF No. 30 at 8. Because Plaintiff has failed to state a claim under the MCDCA, *see* section III.B, *supra*, he has likewise failed to state a claim under the MCPA.

### D.    Count 4 – Fair Credit Reporting Act claims against Equifax and Trans Union under § 1681e(b)

Plaintiff brings Count 4 against the Reporting Agency Defendants only. ECF No. 28-2 at 6; ECF No. 1 ¶ 29. Plaintiff alleges that these defendants failed to use reasonable

procedures to furnish his credit report with "maximum accurate information," in violation of 15 U.S.C. § 1681e(b). ECF No. 28-2 ¶ 43; *see also* 15 U.S.C. § 1681e(b) (requiring consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of the information" in the consumer report). As compared to the original complaint, the amended complaint adds numerous allegations about what would have happened had Equifax and Trans Union employed reasonable procedures to ensure accuracy. *See* ECF No. 28-2 ¶¶ 44-47. For example, Plaintiff maintains that if Equifax and Trans Union had employed reasonable procedures, it would have conducted an investigation to determine whether it could establish that LVNV had a right to collect a debt or delete the information about the debt as unverified. *Id.* ¶ 45.

To state a claim under § 1681e(b), a plaintiff must allege both that the "consumer report contains inaccurate information" and that "the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *See Hinton v. Trans Union*, LLC, 654 F. Supp. 2d 440, 450 (E.D. Va. 2009) (quoting *Dalton v. Cap. Assoc'd. Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)). "A report is inaccurate when it is . . . 'misleading in such a way and to such an extent that it can be expected to [have an] adverse []' effect." *Dalton*, 257 F.3d at 415 (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)). Section 1681e governs the *original* compilation of information for a credit report, and not any subsequent changes or corrections to information in the report. *See Alston v. Equifax Info. Servs., LLC*, Case No. 13-cv-1230-TDC, 2016 WL 5231708 (D. Md. Sept. 21, 2016). *Compare* 15 U.S.C. § 1681e (requirements for preparing a consumer report) *with* 15 U.S.C. § 1681i (requirements for reinvestigations of disputed information).

Plaintiff's amended complaint includes only one specific allegation about inaccurate information on his credit report: the date of account opening. ECF No. 28-2 ¶ 57. Nowhere in either version of the complaint does Plaintiff state what account opening date is listed on his credit report or why he believes this date is inaccurate. Absent more facts, the Court cannot draw a reasonable inference that an inaccurate date of account opening is misleading "to such an extent that it can be expected" to have an adverse effect. *Dalton*, 257 F.3d at 415 (citation omitted). *Cf. id.*, 257 F.3d at 415-16 (jury could conclude a credit report was inaccurate where it indicated consumer was guilty of a felony where he actually pled guilty to a misdemeanor); *Brown v. First Advantage Background Servs. Corp.*, 700 F. Supp. 3d 380, 384 (M.D.N.C. 2023) (challenging credit report as inaccurate where defendant incorrectly reported to a prospective employer that consumer's medical examiner's certificate had expired and was inactive).

Beyond this one specific alleged inaccuracy, Plaintiff also alleges generally that LVNV reported false information to Equifax and Trans Union, which led to inaccuracies on his credit report. *See, e.g.*, ECF No. 28-2 ¶ 29 ("the false information that [LVNV] furnished to [Equifax and Trans Union] appeared on Plaintiff's credit reports"), *id.* ¶ 71 (his "credit reports contain[] . . . inaccurate information"). Again, based on these generalized statements alone, Plaintiff has not sufficiently alleged that his credit report contains inaccurate information. *See Iqbal*, 556 U.S. at 678 ("a formulaic recitation of the elements of a cause of action" is insufficient to meet the Rule 8 pleading standard) (citation omitted). And absent more details about the type of information that was allegedly erroneous, Plaintiff has not alleged facts that would make out a claim that Equifax and Trans Union's procedures were insufficient to "assure maximum possibly accuracy" of their credit reports. *See* 15 U.S.C. § 1681e(b).

13

### E.     Count 5 – Fair Credit Reporting Act claims against Equifax and Trans Union under § 1681i(a)

Plaintiff next alleges that the Reporting Agency Defendants violated the federal Fair Credit Reporting Act (FCRA), and specifically § 1681i(a). ECF No. 28-2 ¶¶ 51-60. "While § 1681e relates to the original compilation of information for a credit report, § 1681i sets out requirements for [consumer reporting agencies] in conducting reinvestigations of disputed information." *Alston v. Equifax,* 2016 WL 5231708 at *6. Section 1681i requires a consumer reporting agency to "conduct a reasonable reinvestigation" if a consumer challenges the completeness or accuracy of an item of information in its file. 15 U.S.C. § 1681i(a)(1). Plaintiff alleges that he "submitted disputes to Equifax and Trans Union stating that the reporting by LVNV of the Alleged Debt is inaccurate." ECF No. 28 ¶ 21. Plaintiff contends Equifax and Trans Union did not investigate his dispute or, alternatively, that they failed to conduct a reasonable investigation of his disputes. *See* ECF No. 28-2 ¶¶ 21, 52. And as with Count 4, the amended complaint adds numerous allegations about what would have happened had Equifax and Trans Union done so. *Id.* ¶¶ 53-55. For example, Plaintiff alleges:

> If the CRAs had conducted reasonable investigations of Plaintiff's disputes, they would have discovered that LVNV Funding's reporting of the Alleged Debt was inaccurate and misleading because LVNV Funding did not possess or produce any documents or proof to show that it purchased the Alleged Debt from Citibank, that it owned the Alleged Debt, nor that it had the right to collect the Alleged Debt from Plaintiff.

*Id.* ¶ 54.

"To state a § 1681i claim, Plaintiff must allege (1) that she disputed the accuracy of an item in her credit file; (2) the [credit reporting agency] failed to conduct a

14

reasonable reinvestigation; and (3) that a reasonable reinvestigation by the [credit reporting agency] could have uncovered the inaccuracy." *Simmons v. TransUnion, LLC*, 712 F. Supp. 3d 629, 635 (2024) (internal quotations omitted) (alterations in original). "Determining whether a [consumer reporting agency]'s reinvestigation procedures were reasonable requires balancing 'the cost of verifying the accuracy of the information' against 'the possible harm of reporting inaccurate information.'" *Alston v. Equifax*, Case No. 13-cv-1230-TDC, 2016 WL 5231708 at *10 (quoting *Johnson v. MBNA Am. Bank*, 357 F.3d 426, 432-33 (4th Cir. 2004)).

Here, Plaintiff has not alleged sufficient facts to support his claim that the Reporting Agency Defendants failed to conduct a reasonable reinvestigation. As noted above, the only specific inaccuracy that Plaintiff has alleged in his complaints is an inaccurate account opening date. ECF No. 28-2 ¶ 57. Plaintiff also alleges that Equifax and Trans Union "forwarded Plaintiff's disputes to LVNV" and received a response from LVNV, which informed the content of Plaintiff's credit report. *See id.* ¶ 22 ("Upon information and belief, Equifax and Trans Union merely forwarded Plaintiff's disputes to [LVNV], and after [LVNV] responded by claiming that its reporting of the Alleged Debt was accurate, Equifax and Trans Union merely parroted LVNV's response."). Even drawing reasonable inferences in Plaintiff's favor, *see King*, 825 F.3d at 212, he has not established why Equifax and Trans Union's decision to contact LVNV did not constitute a reasonable investigation into the accuracy of the opening date of an LVNV account. *See Waller v. Experian Info. Sols., Inc.*, Case No. 23-cv-1960-GLR, 2024 WL 3555344 at *5–6 (D. Md. July 24, 2024) (dismissing § 1681i claim for failure to state a claim because plaintiff "fail[ed] to put forth facts sufficiently alleging" the reinvestigation process was unreasonable).

Aside from his specific allegation about the account opening date, Plaintiff states generally that his credit report is inaccurate, apparently challenging the LVNV account overall. *See* ECF No. 28-2 ¶ 23 ("After Plaintiff submitted his disputes, Equifax and Trans Union continued to report the [LVNV] tradeline with the disputed debt."). But again, Plaintiff has failed to allege that Equifax and Trans Union's investigation into the LVNV debt was not reasonable. As noted above, Plaintiff alleges on information and belief that Equifax and Trans Union contacted LVNV about the debt and received a response. *Id.* ¶ 22. He does not provide additional facts or any other basis to show that contacting the alleged owner of a disputed debt was an unreasonable method to reinvestigate an alleged inaccuracy. *See Alston v. Equifax*, 2016 WL 5231708 at *10 (explaining that "'creditors and credit reporting agencies have different roles and duties in investigating consumer disputes under the FCRA' in part because the furnisher of information 'stands in a far better position to make a through investigation of a disputed debt' as compared to a consumer reporting agency") (quoting *Johnson*, 357 F.3d at 432-33 and *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009), respectively); *see also id.* at *10 (reasonableness of reinvestigation procedures is a context-specific inquiry requiring a balancing of costs and harm). Plaintiff also fails to allege that a reasonable reinvestigation could have revealed the inaccuracy. For example, although his proposed amended complaint alleges outcomes that would have been different if Equifax and Trans Union had conducted their investigations differently, *see* ECF No. 28-2 ¶¶ 53-55, Plaintiff never identifies a source other than LVNV through which Equifax or Trans Union could have determined the inaccuracy of information associated with the LVNV account. *See Waller*, 2024 WL 3555344 at *5-6 (dismissing a § 1681i claim for a failure to allege that the reinvestigation procedures

16

were unreasonable, even where plaintiff directly challenged a specific investigation method).

Finally, as to Plaintiff's allegation that Equifax and Trans Union did not conduct *any* investigation, that statement is too conclusory to state a claim under Federal Rules of Civil Procedure 8 and 12(b)(6). *See Iqbal*, 556 U.S. at 678. And, notably, it conflicts with his assertion that Equifax and Trans Union conducted an investigation, albeit an allegedly unreasonable one. *See Davis v. Trans Union LLC*, Case No. 24-cv-2338-JRR, 2025 WL 886173 (D. Md. Mar. 21, 2025) (dismissing FCRA claims because "the court is unable to determine whether her allegations are sufficient" "[b]ased on Plaintiff's contradictory material factual allegations" where plaintiff alleged *both* that defendant never conducted an investigation into an alleged inaccuracy and that defendant conducted an investigation and continued to report the disputed information following its investigation).

### F.     Count 6 – Fair Credit Reporting Act claim against LVNV

Plaintiff next alleges that LVNV violated the FCRA, and specifically § 1681s-2(b). ECF No. 28-2 ¶¶ 61-68. That section requires an entity that furnishes information to consumer reporting agencies to take certain steps when it has been notified by a credit reporting agency that a consumer disputes the completeness or accuracy of the furnished information. 15 U.S.C. § 1681s-2(b). Plaintiff alleges "upon information and belief" that LVNV received notice of his dispute, but made no inquiry into the accuracy of the information it was reporting and "simply confirmed that the *disputed* information was being reported consistently to" the Reporting Agency Defendants. ECF No. 28-2 ¶ 62. LVNV argues this claim is improper because it is simply "an attempt to leverage the FCRA to collaterally attack the debt itself." ECF No. 30 at 9. LVNV also notes that

17

the complaint relies on conclusory statements and fails to provide any detail about the dispute Plaintiff sent to Equifax and Trans Union. *Id.* at 10.

Section 1681s-2(b) of the FCRA provides that a person who furnishes information about a consumer to a consumer reporting agency must take certain steps "[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute." 15 U.S.C. § 1681s-2(a)(1)(A), (b); *see also id.* § 1681i(a)(2) (requiring a consumer reporting agency to notify a furnisher of information within five business days of a consumer's dispute with all relevant information). Specifically, the furnisher of the information must conduct an investigation about the disputed information, review all relevant information that the consumer reporting agency provides about the dispute, and report the results of the investigation to the consumer reporting agency. *Id.* § 1681s-2(b)(1); *see also Johnson*, 357 F.3d at 431 (explaining that such an investigation must be "reasonable"). If the information is found to be inaccurate, incomplete, or unverifiable, the furnisher must "modify," "delete," or "permanently block" the information. *Id.* § 1681s-2(b)(1)(E). To survive a Rule 12(b)(6) motion, a plaintiff must allege "that the inaccuracy or incompleteness is objectively and readily verifiable by the furnisher" of the information. *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 252 (4th Cir. 2025).

Plaintiff alleges that LVNV "did not conduct a thorough, detailed, and careful inquiry of the claims raised in [his] disputes," that it made "absolutely *no* inquiry into the accurateness of the information being reported," and that, upon information and belief, it received, but did not review, the dispute letter that he sent to Equifax and Trans Union. ECF No. 28-2 ¶¶ 62, 63. He then alleges that LVNV "simply confirmed" the information to Equifax and Trans Union. *Id.* ¶ 62.

18

These allegations are insufficient to state a claim upon which relief can be granted for two reasons. First, Plaintiff's factual allegations are too general and conclusory. The mere assertion that LVNV did not conduct a thorough investigation without any other factual basis is conclusory. *See Iqbal*, 556 U.S. at 678. And the absence of details about the content of Plaintiff's dispute means Plaintiff has not plausibly alleged that LVNV failed to conduct a "reasonable" investigation of the disputed information or that the inaccurate information was readily verifiable. *See Johnson*, 357 F.3d at 431 (furnishers must conduct a "reasonable investigation"); *see also Carter-Young*, 131 F.4th at 252 (holding that to state a claim under § 1681s-2(b), a plaintiff must allege "that the inaccuracy or incompleteness is objectively and readily verifiable by the furnisher").

Second, the foundation of Plaintiff's assertion that LVNV did not investigate the dispute as required by § 1681s-2(b) appears to be that the information on his credit report did not change following his dispute. *See, e.g.*, ECF No. 28-2 ¶¶ 22, 23 (LVNV responded to Equifax and Trans Union "claiming that its reporting of the Alleged Debt was accurate" and they "continued to report the [LVNV] tradeline with the disputed debt"). But without factual allegations to show that specific information was inaccurate and that a reasonable investigation would have revealed that inaccuracy, the fact that Equifax and Trans Union did not change the information does not justify an inference, even drawn in Plaintiff's favor, that LVNV did not conduct the statutorily mandated investigation.

### G.   Count 7 – Defamation

Finally, Plaintiff alleges one count of defamation against LVNV. ECF No. 28-2 ¶¶ 69-75; ECF No. 1 ¶¶ 45-51. Plaintiff states that LVNV reports information that is

19

"injurious to Plaintiff's financial profile" to Trans Union and Equifax "each and every month." *Id.* ¶¶ 70, 72. To establish a prima facie case of defamation, a plaintiff must establish "that the defendant made a defamatory statement to a third person; that the statement was false; that the defendant was legally at fault in making the statement; and that the plaintiff thereby suffered harm." *Seley-Radtke v. Hosmane*, 450 Md. 468, 471 n.1 (2016) (quoting *Gohari v. Darvish*, 363 Md. 42, 54 (2001)). A defamatory statement is "one which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person." *Id.* (quoting *Gohari*, 363 Md. at 54).

Here, the original and proposed amended complaints fail to allege that LVNV made a defamatory statement. Plaintiff's general statement that LVNV's statements are "injurious to [his] financial profile," ECF No. 28-2 ¶ 72, ECF No. 1 ¶ 48, are insufficient to show that the statements are defamatory because the statements are unlikely to expose him to hate, contempt, or ridicule. *See Hodge v. Coll. of S. Md.*, 121 F. Supp. 3d 486, 504 (D. Md. 2015), *aff'd* 646 F. App'x 294 (4th Cir. 2016), *cert. denied*, 580 U.S. 994 (2016) (a "D" grade on college transcript did not plausibly support a defamation claim because the grade is "unlikely [to] engender hate or ridicule from the community," particularly where plaintiff alleged only a few people saw the information). Accordingly, both versions of the complaint fail to state a claim upon which relief can be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny the Plaintiff's motion for leave to amend and grant Defendants' motions to dismiss the complaint as to all counts. An appropriate order follows.

Date:  June 11, 2025

/s/
_____
Adam B. Abelson
United States District Judge

20